# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## SHELBY DIVISION

## CRIMINAL NO. 4:98CR102

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| JOSEPH MARION HEAD, JR. ) | |

**THIS MATTER** is before the Court on Defendant's motion to defer payments of the Court imposed assessment fee, fines, restitution and other monetary penalties.

Defendant describes the other monetary penalties as "all other cost and fees etc. of records prior, present and hereinafter and for records and attorney fees." **Defendant's Motion, at 1.** On the *pro forma* document, Defendant alleges that his prison income prevents him from paying the required monetary penalties, but no inmate trust fund accounting is attached showing the amount of income he might have received for the previous six months. Additionally, Defendant adds to the printed motion in

his own handwriting a number of claims for relief that are clearly frivolous and without merit.

Defendant's Judgment requires him to pay an assessment in the amount of $900.00; no fine or restitution was imposed and the interest requirement was waived.  **Judgment in a Criminal Case, filed September 12, 2001, at 4.**

The authority and method of collecting monetary penalties through the Inmate Financial Responsibility Program as well as the determination of the Defendant's ability to pay has been delegated to the Bureau of Prisons (BOP) by federal regulations.  **28 C.F.R. §§ 545.10-16.**  Defendant is, therefore, obligated to exhaust all administrative remedies through the BOP before approaching the appropriate district court.  ***Aja v. Bureau of Prisons Staff*, 202 F.3d 267 (table), 1999 WL 1336093 (6th Cir. 1999); *McGhee v. Clark*, 166 F.3d 884, 885-87 (7th Cir. 1999); *United States v. Rumney*, 86 F.3d 1147 (table), 1996 WL 325485 (1st Cir. 1996); *Indelicato v. Suarez*, 207 F. Supp. 2d 216 (S.D.N.Y. 2002).**  Thereafter, a defendant may challenge such payments but only by filing the appropriate pleading in the district court of confinement, not with the sentencing court.  ***Moore v. Olson*, 368 F.3d 757, 759 (7th Cir.), *cert.***

*denied*, 543 U.S. 949 (2004); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to defer payments is hereby **DENIED**.

Signed: November 27, 2007

Lacy H. Thornburg
United States District Judge